## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                                    )
                                                          )
BUILDERS PLUMBING & HEATING                               )
SUPPLY CO.,                                               )
an Illinois corporation,                                  )   Case Nos. 03 B 49243 – 49246
GLENDALE PLUMBING SUPPLY CO.,                             )   (Jointly Administered)
INC.,                                                     )   Chapter 11
a Wisconsin corporation,                                  )   Honorable John H. Squires
SOUTHWEST PIPE & SUPPLY INC.,                             )
a Delaware corporation,                                   )
SPESCO, INC.,                                             )
an Illinois corporation,                                  )
and d/b/a FaucetsPlus.com,                                )   Hearing Date: Monday,
                                                          )   February 9, 2004 at 9:30 a.m.
            Debtors.                                       )

**F I L E D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**FEB 5 - 2004**

**KENNETH S. GARDNER, CLERK**
**TEAM - B**

### NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on Monday, February 9, 2004, at 9:30 a.m., we shall appear before the Honorable John H. Squires, United States Bankruptcy Judge, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 680, or, in his absence, before any other Judge who may be sitting in his place or stead and shall then and there present the attached *Debtors' Motion For an Order Under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 3003(c)(3) and 2002(a)(7) (I) Setting Final Date for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof,* at which time and place you may appear if you see fit. A copy of the Motion is hereby served upon you.

Dated: Chicago, Illinois            Respectfully submitted,
       February 5, 2004

                                    **BUILDERS PLUMBING & HEATING**
                                    **SUPPLY COMPANY, et al.**

                                    By: _____
                                         David N. Missner (ARDC No. 01928988)
                                         Marc I. Fenton (ARDC No. 06180633)
                                         Brian A. Audette (ARDC No. 06277056)
                                         **PIPER RUDNICK LLP**
                                         203 North LaSalle Street, Suite 1800
                                         Chicago, Illinois 60601-1293
                                         (312) 368-4000

## CERTIFICATE OF SERVICE

Nina H. Taylor, a non-attorney, under penalty of perjury, certifies that on the 5th day of February, 2004, she caused the ***Debtors' Motion For an Order Under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 3003(c)(3) and 2002(a)(7) (I) Setting Final Date for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof,*** to be served by facsimile upon each of the parties listed on the service list at their respective addresses.

_____
Nina H. Taylor

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT.

Kathryn Gleason, Esq.
U.S. Trustee
Suite 3350
227 West Monroe Street
Chicago, IL 60606
*VIA FACSIMILE*

Robert J. Corsentino
Mitchell B. Rasky
LaSalle Bank
135 South LaSalle Street
Chicago, IL 60603
*VIA FACSIMILE*

Dennis M. Saletta
Bank One, NA
120 South LaSalle Street, 6th Floor
Chicago, IL 60603
*VIA FACSIMILE*

Brynn E. Perna
Cole Taylor Bank
9550 West Higgns Road
Rosemont, IL 60018
*VIA FACSIMILE*

Steve Kogan
Builders Plumbing & Heating Supply Co.
133 South Rohlwing
Addison, IL 60101
*VIA FACSIMILE*

Craig R. Graff
Michael A. Silverman
Silverman Consulting
Suite 520
5750 Old Orchard Road
Skokie, IL 60077
**(Borrower's Financial Consultant)**
*VIA FACSIMILE*

Richard M. Bendix, Jr., Esq.
Suite 2700
180 North LaSalle Street
Chicago, IL 60601
**(Schwartz Cooper Greenberger & Krauss
Attorney for Lenders)**
*VIA FACSIMILE*

Chad H. Gettleman, Esq.
Adelman Gettleman Merens Berish & Carter,
Ltd.Suite 1050
53 West Jackson Boulevard
Chicago, IL 60604
**(Counsel for Bank One)**
*VIA FACSIMILE*

Joel A. Stein, Esq.
Deutsch Levy & Engel Chtd.
17th Floor
225 West Washington Street
Chicago, IL 60606
*VIA FACSIMILE*

Scott Blakeley
Blakeley & Blakeley LLP
Suite 540
2030 Main Street
Irvine, CA 92614
**(Counsel for Bemis Manufacturing)**
*VIA FACSIMILE*

Steven B. Towbin
Matthew A. Swanson
Janice A. Alwin
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
**(Counsel for Elkay Mfg. Co.)**
*VIA FACSIMILE*

Susan De Resendiz
Harold Kaplan
Gardner Carton & Douglas LLP
Suite 3700
191 North Wacker Drive
Chicago, IL 60606-1698
**(Counsel for Committee of Unsecured Creditors)**
*VIA FACSIMILE*

Sharon L. Levine
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791
**(Counsel for Rheem Manufacturing Company)**
*VIA FACSIMILE*

Kathryn B. Bussing
Blackwell Sanders Peper Martin LLP
2300 Main Street, Suite 1000
Kansas City, MO 64108
**(Counsel for Emerson, Ridge Tool, White
Rodgers, Air Comfort and In-Sink-Erator)**
*VIA FACSIMILE*

Kristen B. Kieffer
Peterson & Myers, P.A.
P.O. Drawer 7608
Winter Haven, FL 33883-7608
**(Counsel for Bryan and Dessa Yvonne Carson)**
*VIA FACSIMILE*

Kathleen N. Siegel
Navistar Financial Corporation
2850 West Golf Road
Rolling Meadows, IL 60008
*VIA FACSIMILE*

Abraham Brustein
Christopher B. Lega
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, IL 60068
**(Counsel for Brandt Shaul)**
*VIA FACSIMILE*

Kane, Russell, Coleman & Logan, PC
Attn: Joseph M. Coleman and David D. Ritter
1601 Elm Street
3700 Thanksgiving Tower
Dallas, TX 75201
**(Counsel for Hydromatic, Inc.)**
*VIA FACSIMILE*

Terry Hall
General Counsel and Secretary
Ferguson Enterprises, Inc.
12500 Jefferson Avenue
Newport News, VA 23602-4314
*VIA FACSIMILE*

Benjamin C. Ackerly
Hunton & Williams LLP
951 East Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
*VIA FACSIMILE*

Russell E. Smith
Corporate Attorney
Ferguson Enterprises, Inc.
12500 Jefferson Avenue
Newport News, VA  23602
*VIA FACSIMILE*

Norman Hanfling
Norman Hanfling & Associates
Suite 1400
208 South LaSalle Street
Chicago, IL  60604
*VIA FACSIMILE*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BUILDERS PLUMBING & HEATING | ) | Chapter 11 |
| SUPPLY CO., | ) | Honorable John H. Squires |
| an Illinois corporation, | ) | |
| GLENDALE PLUMBING SUPPLY CO., INC., | ) | Case Nos.  03 B 49243 through |
| a Wisconsin corporation, | ) | 03 B 49246 |
| SOUTHWEST PIPE & SUPPLY, INC., | ) | (Jointly Administered) |
| a Delaware corporation, | ) | |
| SPESCO, INC., | ) | |
| an Illinois corporation, | ) | |
| and d/b/a FaucetsPlus.com, | ) | Hearing Date: Monday, |
| Debtors. | ) | February 9, 2004 at 9:30 a.m. |

**MOTION FOR AN ORDER UNDER 11 U.S.C. § 105(a) AND FEDERAL
RULE OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 2002(a)(7)
(I) SETTING FINAL DATE FOR FILING PROOFS OF CLAIM AND
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Builders Plumbing & Heating Supply Co. ("Builders Plumbing"), Glendale Plumbing

Supply Co., Inc., a Wisconsin corporation ("Glendale"), Southwest Pipe & Supply, Inc., a

Delaware corporation ("Southwest") and Spesco, Inc., an Illinois corporation ("Spesco")

(collectively, the "Debtors"), pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3003(c)(3)

and 2002(a)(7), request the entry of an order (i) establishing a deadline for filing certain proofs

of claim and (ii) approving the form and manner of notice thereof (the "Motion"). In support of

this Motion, the Debtors represent as follows:

## BACKGROUND

1.      On December 5, 2003 (the "Petition Date"), the Debtors filed voluntary petitions

in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code. The Debtors

continue to manage their assets as debtors-in-possession pursuant to Sections 1107(a) and 1109

of the Bankruptcy Code. No trustee or examiner has been appointed.

2.      On December 11, 2003 the United States Trustee appointed an official committee of unsecured creditors.

3.      On December 24, 2003, this Court entered an Order (A) Authorizing the Sale of Substantially all Assets and Approving Bidding Procedures (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (C) setting Date for Sale and Hearing on Sale and (D) Approving Form of Notice (the "Sale Authorization Order").

4.      Pursuant to the Sale Authorization Order, the sale of substantially all the Debtors' assets (the "Sale") took place on January 21, 2004. Ferguson Enterprises, Inc. ("Ferguson") was the successful purchaser of substantially all the Debtors' assets at the Sale. In connection with the Sale, the Debtors and Ferguson executed an Asset Purchase Agreement, dated January 21, 2004 (the "APA"). Additionally, the closing on the Sale (the "Closing") took place on January 21, 2004.

5.      On January 22, 2004, this Court entered an order approving the Sale.

6.      The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3003(c)(3) and 2002(a)(7).

**REQUESTED RELIEF**

7.      By this Motion, the Debtors seek entry of an order fixing the last date within which certain proofs of claim against the Debtors must be filed. The Debtors further request that the Court approve the proposed notice of the last date within which certain proofs of claim must be filed (the "Notice of Bar Date"), which is attached hereto as Exhibit A.

**BASIS FOR RELIEF**

A.      **The Bar Date**

8.      Fed. R. Bankr. P. 3003(c)(3) provides: "The court shall fix...the time within which proofs of claim or interest may be filed." For the reasons set forth below, the Debtors

request that the Court fix **March 19, 2004** as the bar date (the "Bar Date") for filing claims (as
defined in Section 101(5) of the Bankruptcy Code) <u>arising before the Petition Date</u> against the
Debtors. The Debtors' schedules of assets, liabilities and executory contracts and statements of
financial affairs (collectively, the "Schedules") have been filed with this Court. Additionally, the
Debtors are required to file their plan of reorganization and disclosure statement on or before
April 4, 2004. The Debtors seek to establish the Bar Date to determine what, if any, claims are
asserted against them in addition to those listed on their Schedules.

        9.      The Debtors request that proofs of claim for any rejection damages claims arising
during these chapter 11 cases under sections 365(g) and 502(g) of the Bankruptcy Code be filed
by the later of: (a) the date set by the Court in an order authorizing the rejection of such
executory contract or unexpired lease; or (b) the Bar Date. Nonetheless, proofs of claim for any
other claims that arose prior to the Petition Date under any lease or contract must be filed by the
Bar Date.

### B.     Notice of Bar Date

        10.     In connection with the setting of the Bar Date, the Debtors also request that the
Court approve the Notice of Bar Date. The Notice of Bar Date will inform all interested parties
of the existence of the Bar Date and their right to file proofs of claim and the consequences of
failing to do so. The Debtors submit that the type of notice proposed herein is reasonably
calculated to provide all known creditors and other parties in interest with sufficient notice of the
Bar Date.

        11.     The Debtors request that the Court require that all proofs of claim be delivered via
regular first-class United States mail, certified mail, or overnight courier to The Trumbull Group,
LLC (the "Claims Agent") at one of the following addresses:

If by U.S. Mail:
The Trumbull Group, LLC
c/o Builders Plumbing & Heating Supply Co.
P.O. Box 721
Windsor, CT 06095-0721

If by Overnight Courier or Hand Delivery:
The Trumbull Group, LLC
c/o Builders Plumbing & Heating Supply Co.
Griffin Center
4 Griffin Road North
Windsor, CT 06095

so that all proofs of claim are actually received by the Claims Agent on or before 4:00 p.m.

prevailing Eastern Time on **March 19, 2004**. The Debtors also request the Court order that

proofs of claim will only be deemed filed when they are actually received by the Claims Agent,

and facsimile submissions shall not be acceptable.

12.    The Debtors request that proofs of claim be filed by creditors of any of the

Debtors on account of any claim (as defined in Section 101(5) of the Bankruptcy Code) arising

before the Petition Date. Nevertheless, this Motion shall not apply to creditors holding or

wishing to assert the following types of claims against the Debtors:

(a)    any individual or entity that has already properly filed a proof of claim
against one or more of the Debtors in accordance with the procedures set
forth herein and the Notice of Bar Date;

(b)    any individual or entity (i) that agrees with the nature, classification and
amount of a debt set forth in the Schedules and (ii) whose potential claim
against the Debtors is not listed as "disputed," "contingent," or
"unliquidated" in the Schedules;

(c)    any individual or entity that has had a claim against any one of the Debtors
previously allowed by, or paid pursuant to, an order of the Bankruptcy
Court;

(d)    any individual or entity asserting a claim allowable under section 503(b)
and 507(a)(1) as an administrative expense of the Debtors' chapter 11
cases; or

(e)    any of the Debtors or any direct or indirect subsidiary of the Debtors that
might hold a claim against one or more of the other Debtors.

13.    If the Debtors modify or supplement their Schedules, the Debtors propose that

any entity whose claim is listed in any such modification or supplement shall have until the later

of (a) March 19, 2004 or (b) thirty (30) days after such modification or supplement to file a proof of claim.

14.     The Debtors request that proofs of claim be filed against the particular Debtor against which the claim is asserted. This requirement will make the Debtors' claim analysis more efficient and less costly to their estates.

15.     Pursuant to Fed. R. Bankr. P. 2002(a)(7), the Debtors intend (a) to mail the Notice of Bar Date to all known creditors by no later than **February 11, 2004**. As a result, the Debtors' creditors will have in excess of the twenty-day period proscribed by Fed. R. Bankr. P. 2002(a)(7) for notice of the Bar Date.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order (a) setting the bar date for filing pre-petition claims against the Debtors' estates for **March 19, 2004**, (b) approving the Notice of Bar Date and (c) granting such other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

**BUILDERS PLUMBING & HEATING
SUPPLY COMPANY, et al.**

By:_____
One of Its Attorneys

David N. Missner (ARDC No. 01928988)
Marc I. Fenton (ARDC No. 06180633)
Brian A. Audette (ARDC No. 06277056)
PIPER RUDNICK LLP
203 North LaSalle Street
Suite 1800
Chicago, Illinois 60601
(312) 368-4000

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| BUILDERS PLUMBING & HEATING | )     Chapter 11 |
| SUPPLY, CO., | )     Honorable John H. Squires |
| an Illinois corporation, | ) |
| GLENDALE PLUMBING SUPPLY CO., INC. | )     Case Nos.  03 B 49243 through |
| a Wisconsin corporation, | )              03 B 49246 |
| SOUTHWEST PIPE & SUPPLY, INC., | )              (Jointly Administered) |
| a Delaware corporation, | ) |
| SPESCO, INC., | ) |
| an Illinois corporation, | ) |
| and d/b/a FaucetsPlus.com, | ) |
| | ) |
| Debtors. | ) |

**NOTICE OF LAST DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM**

**TO ALL PERSONS ASSERTING A CLAIM**
**AGAINST ANY OF THE ABOVE ENTITIES:**

On February 9, 2004, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), entered an Order in the above-captioned cases (the "Bar Date Order") establishing **March 19, 2004**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires that any Claims (as defined herein) against any of the Debtors listed on the attached Exhibit A be filed with the claims agent appointed by the Bankruptcy Court, The Trumbull Group, LLC (the "Claims Agent") by submitting a proof of claim to either of the following addresses:

| If by U.S. Mail: | If by Overnight Courier or Hand Delivery: |
|---|---|
| The Trumbull Group, LLC | The Trumbull Group, LLC |
| c/o Builders Plumbing & Heating | c/o Builders Plumbing & Heating |
| Supply Co. | Supply Co. |
| P.O. Box 721 | Griffin Center |
| Windsor, CT 06095-0721 | 4 Griffin Road North |
| | Windsor, CT 06095 |

Proofs of claim must be actually received on or before 4:00 p.m., prevailing Eastern Time, on the General Bar Date, **March 19, 2004**. Proofs of claim are deemed filed only when they are actually received by the Claims Agent, and facsimile submissions will not be accepted.

For your convenience, a proof of claim form is enclosed with this Bar Date Notice, which sets forth the amount, nature and classification of your Claim(s) as set forth in the Debtors' schedules of assets and liabilities (the "Schedules").

Exhibit A

## ENTITIES REQUIRED TO FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, unions, indenture trustees, the U.S. Trustee and governmental units (individually, an "Entity"[1]) holding Claims against the Debtors (whether secured, priority or unsecured) that arose prior to December 5, 2003, are required to file proofs of claim by the General Bar Date.

The following Entities must file a proof of claim on or before the General Bar Date:

a.    any Entity whose Claim is listed in the Schedules as "disputed," "contingent" or "unliquidated" and who desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or

c.    any Entity asserting a Claim that is not listed in the Schedules.

The following Entities do not need to file a proof of claim on or before the General Bar Date:

a.    any Entity that has already properly filed a proof of claim against one or more of the Debtors in accordance with the procedures set forth in this Bar Date Notice;

b.    any Entity (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against a Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules;

c.    any Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

d.    any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases; or

---

[1]    Entities include, but are not limited to, the following Entities: (1) creditors whose Claims against a Debtor arose out of the rejection of executory contracts or unexpired leases by the Debtors prior to the entry of the order establishing the General Bar Date; (2) governmental units holding claims against a Debtor for unpaid taxes, whether arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a party; and (3) Entities whose Claims against a Debtor arose out of the obligations of such Entities under a contract for provision of liability insurance to a Debtor.

e.     any of the Debtors or any direct or indirect subsidiary of the Debtors that holds Claims against one or more of the other Debtors.

An Entity should not file a proof of claim if such Entity does not have a Claim against any of the Debtors. Receipt of this Bar Date Notice by an Entity does not mean that such Entity has a Claim or that the Debtors or the Bankruptcy Court believes such Entity has a Claim. Moreover, neither the Debtors nor their attorneys nor the Bankruptcy Court can advise an Entity whether an Entity should file a proof of claim.

## CLAIMS RELATED TO REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any Entity whose Claims arose out of the rejection of an executory contract or an unexpired lease must file a proof of claim on or before the later of: (1) the date set by the Court in the Order authorizing the rejection of such contract or lease; and (2) the General Bar Date (the "Rejection Bar Date").

## CLAIMS RELATED TO AMENDMENTS TO SCHEDULES

If the Debtors amend their Schedules subsequent to the mailing and publication of this Bar Date Notice to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, then the affected claimant shall have until the later of (1) 30 days after such claimant is served with notice that the Debtors have amended their Schedules or (2) the General Bar Date to file a proof of claim or to amend any previously filed proof of claim (the "Amended Schedule Bar Date").

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so in a timely manner, will be forever barred, estopped and enjoined from:

a.     asserting any Claim against any of the Debtors that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (in either case, an "Unscheduled Claim"); and

b.     voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein.

### FILING PROOFS OF CLAIM AGAINST OTHER DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. If more than one Debtor is listed on a form, the Debtors will treat such claim as filed against the first listed Debtor. All Entities must identify on their proof of claim the holder or holders of the Claim and the particular Debtor against which their Claim is asserted. A list of Debtors, together with their respective case numbers, is included on the reverse side of the Proof of Claim form.

### DEFINITION OF A CLAIM

For purposes of this Bar Date Notice, a "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, nature, classification or otherwise; or (2) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Bar Date Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

### ADDITIONAL INFORMATION

Additional proof of claim forms may be obtained by contacting the Claims Agent at The Trumbull Group, LLC, at 4 Griffin Road North, Windsor, CT 06095, (860) 687-3957. The Claims Agent's website is www.trumbullgroup.com. Further inquiries regarding filing a proof of claim against any of the Debtors may be directed to the Claims Agent.

Dated:  Chicago, Illinois                                   By Order of the Court
_____ _____, 2004

**PIPER RUDNICK LLP**
Attorneys for Debtors and Debtors-in-Possession
David N. Missner, Esq.
Marc I. Fenton, Esq.
Brian A. Audette, Esq.
203 N. LaSalle Street, Suite 1800
Chicago, IL 60601
(312) 368-4000

## EXHIBIT A

BUILDERS PLUMBING & HEATING SUPPLY, CO.    Case No. 03 B 49243

GLENDALE PLUMBING SUPPLY, CO.    Case No. 03 B 49244

SOUTHWEST PIPE & SUPPLY, INC.    Case No. 03 B 49245

SPESCO, INC.    Case No. 03 B 49246

FORM B10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION | PROOF OF CLAIM<br>Chapter 11 |
|---|---|

| In re:<br><br>Builders Plumbing & Heating Supply Co., Glendale Plumbing Supply Co., Inc., Southwest Pipe & Supply, Inc., Spesco, Inc., and d/b/a FaucetsPlus.com,<br><br>Debtors. | Case Numbers:<br><br>03-49243 through 03-49246 | |
|---|---|---|
| **Name of Debtor**: (see list of debtors on reverse side) | **Case Number:**  (see reverse side) | |

NOTE:  This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>_____ | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| If address differs from above, please complete the following:<br>Creditor Name:<br><br>Address:<br><br>City/St/Zip: | Telephone: # | This Space is for Court Use Only |
| Account or other number by which creditor identifies debtor: | Check here if    ☐ replaces<br>this claim    ☐ amends    a previously filed claim, dated _____ | |

| 1.  **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>　　Last four digits of SS #: _____<br>　　Unpaid compensation for services performed<br>　　from _____ to _____<br>　　　　(date)　　　　　(date) |
|---|---|
| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |

**4. Total Amount of Claim at Time Case Filed:**　　　　　$_____
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>　Brief Description of Collateral:<br>　☐ Real Estate    ☐ Motor Vehicle<br>　　☐ Other<br><br>　Value of Collateral:    $_____<br><br><br>　Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____ | 6. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim.<br>　Amount entitled to priority $ _____<br>　Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $ 2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
|---|---|

| 7. **Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.<br>9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space is for Court Use Only |
|---|---|
| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official Form 10)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

### DEFINITIONS

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). Claims are to be mailed to The Trumbull Group, LLC, c/o Builders Plumbing & Heating Supply Co., P.O. Box 721, Windsor, CT  06095-0721 or hand delivery to The Trumbull Group, LLC, c/o Builders Plumbing & Heating Supply Co., Griffin Center, 4 Griffin Road North, Windsor, CT  06095, 1-860-687-3957.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property.  A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien.  In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim.  A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims).  The most common types of priority claims are listed on the proof of claim form.  Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Northern District of Illinois), the name of the debtor in the bankruptcy case, and the bankruptcy case number.  The Debtors in these cases are:

| | |
|---|---|
| Builders Plumbing & Heating Supply Co. | 03-49243 |
| Glendale Plumbing Supply Company, Inc. | 03-49244 |
| Southwest Pipe & Supply Company, Inc. | 03-49245 |
| Spesco Inc. | 03-49246 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any.  If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, or if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
Check the type of debt for which the proof of claim is being filed.  If the type of debt is not listed, check "Other" and briefly describe the type of debt.  If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim.  If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
Check the appropriate place if the claim is a secured claim.  You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed.  A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above).  A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law.  Check the appropriate place to specify the type of priority claim.

7. **Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

8. **Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents.  If documents are not available, you must attach an explanation of why they are not available.

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BUILDERS PLUMBING & HEATING | ) | Chapter 11 |
| SUPPLY, CO., | ) | Honorable John H. Squires |
| an Illinois corporation, | ) | |
| GLENDALE PLUMBING SUPPLY CO., INC. | ) | Case Nos.  03 B 49243 through |
| a Wisconsin corporation, | ) | 03 B 49246 |
| SOUTHWEST PIPE & SUPPLY, INC., | ) | (Jointly Administered) |
| a Delaware corporation, | ) | |
| SPESCO, INC., | ) | |
| an Illinois corporation, | ) | |
| and d/b/a FaucetsPlus.com, | ) | |
| | ) | |
| Debtors. | ) | |

## NOTICE OF LAST DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM

### TO ALL PERSONS ASSERTING A CLAIM
### AGAINST ANY OF THE ABOVE ENTITIES:

On February 9, 2004, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), entered an Order in the above-captioned cases (the "Bar Date Order") establishing **March 19, 2004**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires that any Claims (as defined herein) against any of the Debtors listed on the attached Exhibit A be filed with the claims agent appointed by the Bankruptcy Court, The Trumbull Group, LLC (the "Claims Agent") by submitting a proof of claim to either of the following addresses:

| If by U.S. Mail: | If by Overnight Courier or Hand Delivery: |
|---|---|
| The Trumbull Group, LLC | The Trumbull Group, LLC |
| c/o Builders Plumbing & Heating | c/o Builders Plumbing & Heating |
| Supply Co. | Supply Co. |
| P.O. Box 721 | Griffin Center |
| Windsor, CT  06095-0721 | 4 Griffin Road North |
| | Windsor, CT 06095 |

Proofs of claim must be actually received on or before 4:00 p.m., prevailing Eastern Time, on the General Bar Date, **March 19, 2004**. Proofs of claim are deemed filed only when they are actually received by the Claims Agent, and facsimile submissions will not be accepted.

For your convenience, a proof of claim form is enclosed with this Bar Date Notice, which sets forth the amount, nature and classification of your Claim(s) as set forth in the Debtors' schedules of assets and liabilities (the "Schedules").

Exhibit A

## ENTITIES REQUIRED TO FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, unions, indenture trustees, the U.S. Trustee and governmental units (individually, an "Entity"[1]) holding Claims against the Debtors (whether secured, priority or unsecured) that arose prior to December 5, 2003, are required to file proofs of claim by the General Bar Date.

The following Entities must file a proof of claim on or before the General Bar Date:

a.      any Entity whose Claim is listed in the Schedules as "disputed," "contingent" or "unliquidated" and who desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or

c.      any Entity asserting a Claim that is not listed in the Schedules.

The following Entities do not need to file a proof of claim on or before the General Bar Date:

a.      any Entity that has already properly filed a proof of claim against one or more of the Debtors in accordance with the procedures set forth in this Bar Date Notice;

b.      any Entity (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against a Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules;

c.      any Entity whose Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

d.      any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases; or

---

[1]      Entities include, but are not limited to, the following Entities: (1) creditors whose Claims against a Debtor arose out of the rejection of executory contracts or unexpired leases by the Debtors prior to the entry of the order establishing the General Bar Date; (2) governmental units holding claims against a Debtor for unpaid taxes, whether arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a party; and (3) Entities whose Claims against a Debtor arose out of the obligations of such Entities under a contract for provision of liability insurance to a Debtor.

c.      any of the Debtors or any direct or indirect subsidiary of the Debtors
that holds Claims against one or more of the other Debtors.

An Entity should not file a proof of claim if such Entity does not have a Claim
against any of the Debtors.  Receipt of this Bar Date Notice by an Entity does not mean that
such Entity has a Claim or that the Debtors or the Bankruptcy Court believes such Entity has
a Claim.  Moreover, neither the Debtors nor their attorneys nor the Bankruptcy Court can
advise an Entity whether an Entity should file a proof of claim.

## CLAIMS RELATED TO REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any Entity whose Claims arose out of the rejection of an executory contract or an
unexpired lease must file a proof of claim on or before the later of:  (1) the date set by the
Court in the Order authorizing the rejection of such contract or lease; and (2) the General
Bar Date (the "Rejection Bar Date").

## CLAIMS RELATED TO AMENDMENTS TO SCHEDULES

If the Debtors amend their Schedules subsequent to the mailing and publication of
this Bar Date Notice to reduce the undisputed, noncontingent and liquidated amount or to
change the nature or classification of a Claim against a Debtor reflected therein, then the
affected claimant shall have until the later of (1) 30 days after such claimant is served with
notice that the Debtors have amended their Schedules or (2) the General Bar Date to file a
proof of claim or to amend any previously filed proof of claim (the "Amended Schedule Bar
Date").

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but that fails to do so in a timely
manner, will be forever barred, estopped and enjoined from:

a.      asserting any Claim against any of the Debtors that such entity has
that (i) is in an amount that exceeds the amount, if any, that is set
forth in the Schedules, or (ii) is of a different nature or in a different
classification (in either case, an "Unscheduled Claim"); and

b.      voting upon, or receiving distributions under, any plan or plans of
reorganization in these chapter 11 cases in respect of an
Unscheduled Claim.

If it is unclear from the Schedules whether your Claim is disputed, contingent or
unliquidated as to amount or is otherwise properly listed and classified, you must file a proof
of claim on or before the General Bar Date.  Any Entity that relies on the Schedules bears
responsibility for determining that its Claim is accurately listed therein.

### FILING PROOFS OF CLAIM AGAINST OTHER DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. If more than one Debtor is listed on a form, the Debtors will treat such claim as filed against the first listed Debtor. All Entities must identify on their proof of claim the holder or holders of the Claim and the particular Debtor against which their Claim is asserted. A list of Debtors, together with their respective case numbers, is included on the reverse side of the Proof of Claim form.

### DEFINITION OF A CLAIM

For purposes of this Bar Date Notice, a "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, nature, classification or otherwise; or (2) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Bar Date Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

### ADDITIONAL INFORMATION

Additional proof of claim forms may be obtained by contacting the Claims Agent at The Trumbull Group, LLC, at 4 Griffin Road North, Windsor, CT 06095, (860) 687-3957. The Claims Agent's website is www.trumbullgroup.com. Further inquiries regarding filing a proof of claim against any of the Debtors may be directed to the Claims Agent.

Dated:  Chicago, Illinois                                    By Order of the Court
_____ _____, 2004

**PIPER RUDNICK LLP**
Attorneys for Debtors and Debtors-in-Possession
David N. Missner, Esq.
Marc I. Fenton, Esq.
Brian A. Audette, Esq.
203 N. LaSalle Street, Suite 1800
Chicago, IL  60601
(312) 368-4000

## EXHIBIT A

BUILDERS PLUMBING & HEATING SUPPLY, CO.     Case No. 03 B 49243

GLENDALE PLUMBING SUPPLY, CO.     Case No. 03 B 49244

SOUTHWEST PIPE & SUPPLY, INC.     Case No. 03 B 49245

SPESCO, INC.     Case No. 03 B 49246

FORM B10 (Official Form 10)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | PROOF OF CLAIM |
|---|---|---|
| | | **Chapter 11** |

In re:

Builders Plumbing & Heating Supply Co., Glendale Plumbing Supply Co., Inc., Southwest Pipe & Supply, Inc., Spesco, Inc., and d/b/a FaucetsPlus.com,

Debtors.

**Case Numbers:**

**03-49243 through 03-49246**

| **Name of Debtor:** (see list of debtors on reverse side) | **Case Number:** (see reverse side) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

_____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

If address differs from above, please complete the following:

Creditor Name:

Address:

City/St/Zip:

Telephone: #

This Space is for Court Use Only

| Account or other number by which creditor identifies debtor: | Check here if    ☐ replaces   ☐ amends   a previously filed claim, dated _____ |
|---|---|

**1.  Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
   Last four digits of  SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
          (date)          (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**    $ _____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
      ☐ Other _____

   Value of Collateral:   $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
   Amount entitled to priority $ _____
   Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan -- 11 U.S.C. §507(a)(4).
☐ Up to $ 2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other   Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM Bl0 (Official Form l0)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

### DEFINITIONS

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). Claims are to be mailed to The Trumbull Group, LLC, c/o Builders Plumbing & Heating Supply Co., P.O. Box 721, Windsor, CT 06095-0721 or hand delivery to The Trumbull Group, LLC, c/o Builders Plumbing & Heating Supply Co., Griffin Center, 4 Griffin Road North, Windsor, CT 06095, 1-860-687-3957.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Northern District of Illinois), the name of the debtor in the bankruptcy case, and the bankruptcy case number. The Debtors in these cases are:

| | |
|---|---|
| Builders Plumbing & Heating Supply Co. | 03-49243 |
| Glendale Plumbing Supply Company, Inc. | 03-49244 |
| Southwest Pipe & Supply Company, Inc. | 03-49245 |
| Spesco Inc. | 03-49246 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this claim, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**7. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.