## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| BUILDERS PLUMBING & HEATING | ) |
| SUPPLY CO., | ) |
| an Illinois corporation, | )   Case Nos. 03 B 49243-49246 |
| GLENDALE PLUMBING SUPPLY CO., | )   (Jointly Administered) |
| INC., | )   Chapter 11 |
| a Wisconsin corporation, | )   Honorable John H. Squires |
| SOUTHWEST PIPE & SUPPLY, INC., | ) |
| a Delaware corporation, | ) |
| SPESCO, INC., | ) |
| an Illinois corporation, | )   Hearing Date: Thursday, May 27, 2004 |
| and d/b/a FaucetsPlus.com, | )   Hearing Time: 9:30 a.m. |
| | )   Objection Date: **May 24, 2004** |
| Debtors. | )   **at 4:30 p.m. Central Daylight Time** |

### NOTICE OF HEARING ON FINAL FEE APPLICATIONS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES LIMITING NOTICE

**PLEASE TAKE NOTICE** that on **Thursday, May 27, 2004, at 9:30 a.m.**, we shall appear before the Honorable John H. Squires, Room 680, United States Bankruptcy Court, 219 South Dearborn, Chicago, Illinois 60604, and shall then and there present the Final Fee Applications for Allowance of Compensation for Services Rendered and Reimbursement of Expenses incurred during the period from December 5, 2003 through and including March 11, 2004 (the "Applications") for each of the parties listed below, at which time and place you may appear as you see fit.

| Applicant | Total Fees Requested to be Allowed in the Present Application | Total Expenses Requested to be Allowed in the Present Application | Amount Paid During this Application Period Pursuant to Administrative Order | Total Net Requested to be Paid in the Present Application |
|---|---|---|---|---|
| **PIPER RUDNICK LLP** Counsel to the Debtors | $368,420.00 | $24,201.63 | $344,788.88 | **$47,832.75** |
| **SILVERMAN CONSULTING** Financial Consultant to the Debtors | $525,823.00 | $376.01 | $473,616.71 | **$106,060.30** |

**PLEASE TAKE FURTHER NOTICE** that on December 15, 2003, the Honorable John H. Squires entered an Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Periodic Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), which provided for payment of 90% of fees and 100% of expenses, if no objection by any Notice Party (as defined below) is filed within 20 days after service of the Application. If an objection is filed, the affected professional(s) will address it as provided in the Administrative Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Administrative Order, copies of the Applications are being served upon the Official Committee of Unsecured Creditors (the "Committee"), all special counsel to the Debtors retained in these cases, counsel to the post-petition Lenders, the United States Trustee, the Trustee and other professionals (excluding Ordinary Course Professionals) retained pursuant to Order of this Court in these cases (the "Notice Parties"). PR has also served notice of this Application upon those entities having requested notices in these cases pursuant to Rule 2002. Notice is limited to the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that any party wishing to object to any of the Applications shall file such objection in writing with the Clerk of the U.S. Bankruptcy Court, at 219 South Dearborn, Chicago, Illinois 60604, on or before **May 24, 2004**, and serve copies of such objection on (i) the Professional that filed the application to which the objection relates; (ii) David N. Missner and Marc I. Fenton, Piper Rudnick LLP, 203 North LaSalle Street, Suite 180, Chicago, IL 60601 (Debtor's Counsel); (iii) Craig R. Graff and Michael A. Silverman, Silverman Consulting, Suite 250, 5750 Old Orchard Road, Skokie, IL 60077 (Borrower's Financial Consultant); (iv) Susan De Resendiz, Gardner Carton & Douglas LLP, Suite 3700, 191 North Wacker Drive, Chicago, IL 60606-1698 (Counsel for Committee of Unsecured Creditors); (v) Richard M. Bendix, Jr., Esq., Schwartz Cooper Greenberger & Krauss, Suite

2700, 180 North LaSalle Street, Chicago, IL 60601 (Attorney for Lenders); and (vi) Kathryn Gleason, Esq., the Office of the United States Trustee, Suite 3350, 227 West Monroe Street, Chicago, IL 60606.

Dated: Chicago, Illinois
      May 7, 2004

Respectfully submitted,

**Builders Plumbing & Heating Supply Co., et al.**

By: _____
    David N. Missner (ARDC No. 01928988)
    Marc I. Fenton (ARDC No. 06180633)
    Brian A. Audette (ARDC No. 06277056)
    **PIPER RUDNICK LLP**
    203 North LaSalle Street, Suite 1800
    Chicago, Illinois 60601-1293
    (312) 368-4000

    Attorney for Debtor and
    Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BUILDERS PLUMBING & HEATING SUPPLY CO., | ) ) | |
| an Illinois corporation, | ) | Case Nos. 03 B 49243 – 49246 |
| GLENDALE PLUMBING SUPPLY CO., INC., | ) ) | (Jointly Administered) Chapter 11 |
| a Wisconsin corporation, | ) | Honorable John H. Squires |
| SOUTHWEST PIPE & SUPPLY, INC., | ) | |
| a Delaware corporation, | ) | |
| SPESCO, INC., | ) | |
| an Illinois corporation, | ) | |
| and d/b/a FaucetsPlus.com, | ) | Hearing Date: May 27, 2003, 9:30 a.m. |
| | ) | |
| Debtors. | ) | |

### FINAL FEE APPLICATION OF PIPER RUDNICK LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 5, 2003 THROUGH AND INCLUDING MARCH 11, 2004

| | |
|---|---|
| Name of Applicant: | Piper Rudnick LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | December 15, 2003, *nunc pro tunc* as of December 5, 2003 |
| Period for which compensation and reimbursement is sought: | December 5, 2003 through March 11, 2004 |
| Amount of fees sought as actual, reasonable and necessary | $368,420.00 |
| Amount of expenses sought as actual, reasonable and necessary | $24,201.63 |

This is a(n):  _____ interim   ✔ final application

Pursuant to the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Periodic Compensation and Reimbursement of Expenses of Professionals (Docket No. 34) entered on or about March 6, 2002, Piper Rudnick has filed Monthly Statements with the Court and served copies of these Monthly Statements on the Notice Parties (as defined in the Administrative Order).

| Date Filed | Period Covered | Requested | | Provisional Payments | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 1/12/04 | 12/5/03-12/31/03 | $164,969.50 | $11,191.22 | $148,472.55 | $11,191.22 |
| 2/6/04 | 1/1/04-1/31/04 | $160,712.00 | $7,423.18 | $144,640.80 | $7,423.18 |
| 3/12/04 | 2/1/04-2/29/04 | $32,413.00 | $3,889.43 | $29,171.70 | $3,889.43 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $ 344,788.88.

Date: May 7, 2004                    By: _____
                                          Marc I. Fenton, Of Counsel

~CHGO1:30427256.v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BUILDERS PLUMBING & HEATING | ) | |
| SUPPLY CO., | ) | |
| an Illinois corporation, | ) | Case Nos. 03 B 49243 – 49246 |
| GLENDALE PLUMBING SUPPLY CO., | ) | (Jointly Administered) |
| INC., | ) | Chapter 11 |
| a Wisconsin corporation, | ) | Honorable John H. Squires |
| SOUTHWEST PIPE & SUPPLY, INC., | ) | |
| a Delaware corporation, | ) | |
| SPESCO, INC., | ) | |
| an Illinois corporation, | ) | |
| and d/b/a FaucetsPlus.com, | ) | Hearing Date:  May 27, 2004 at |
| | ) | 9:30 a.m. |
| Debtors. | ) | |

**SUMMARY SHEET**

Fees Previously Requested: $358,094.50
Fees Previously Awarded: $322,285.05

NAME OF APPLICANT:
Piper Rudnick LLP

Expenses Previously Requested: $22,503.83
Expenses Previously Awarded: $22,503.83

ROLE IN THE CASE:
Counsel to the Debtors and Debtors in
Possession

CURRENT APPLICATION
    Fees Requested: $368,420.00
    Expenses Requested: $24,201.63

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATES | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| David N. Missner | 1966 | 147.50 | 485.00-525.00 | 72,841.50 |
| Mark A. Berkoff | 1987 | 79.10 | 475.00-500.00 | $37,594.50 |
| George T. Plumb | 1977 | 37.50 | 475.00-525.00 | $18,162.50 |

| | | | | |
|---|---|---|---|---|
| William L. Rawson | 1979 | 9.00 | 475.00-500.00 | $4,337.50 |
| Anita T. Molano | | 38.40 | 425.00-460.00 | $16,866.00 |
| Philip V. Martino | 1982 | 5.50 | 450.00 | $2,475.00 |
| John D. Burke | 1990 | 26.20 | 400.00 | $10,480.00 |
| Marc I. Fenton (Of Counsel) | 1981 | 259.80 | 390.00-415.00 | $105,314.50 |
| ASSOCIATES | | | | |
| Dov J. Pinchot | | 48.60 | 395.00 | $19,197.00 |
| Sang-yul Lee | | 2.50 | 365.00 | $912.50 |
| Vicki J. Baue | 1997 | 2.10 | 360.00 | $756.00 |
| Gregory W. Hayes | | 2.50 | 350.00 | $875.00 |
| Thomas W. Ryan | | 1.50 | 305.00 | $457.50 |
| Brian A. Audette | 2002 | 243.10 | 225.00-265.00 | $60,453.50 |
| Timothy M. Enright | | 20.90 | 225.00-265.00 | $5,154.50 |
| PARAPROFESSIONALS | | | | |
| Janet R. Sumrall | | 16.80 | 195.00 | $3,276.00 |
| Nina H. Taylor | | 51.60 | 175.00-185.00 | $9,221.00 |
| Valerie Kropf | | 0.35 | 130.00 | $45.50 |
| TOTAL | | 992.95 | | $368,420.00 |

TOTAL BLENDED HOURLY RATE: $371.04
(Including Paraprofessionals)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BUILDERS PLUMBING & HEATING | ) | |
| SUPPLY CO., | ) | |
| an Illinois corporation, | ) | Case Nos. 03 B 49243 – 49246 |
| GLENDALE PLUMBING SUPPLY CO., | ) | (Jointly Administered) |
| INC., | ) | Chapter 7 |
| a Wisconsin corporation, | ) | Honorable John H. Squires |
| SOUTHWEST PIPE & SUPPLY, INC., | ) | |
| a Delaware corporation, | ) | |
| SPESCO, INC., | ) | |
| an Illinois corporation, | ) | |
| and d/b/a FaucetsPlus.com, | ) | **Hearing Date:  May 27, 2004** |
| | ) | **Hearing Time:  9:30 a.m.** |
| Debtors. | ) | |

**FINAL FEE APPLICATION OF PIPER RUDNICK LLP FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL TO THE DEBTORS FOR THE PERIOD
FROM DECEMBER 5, 2003 THROUGH AND INCLUDING MARCH 11, 2004**

Piper Rudnick LLP, an Illinois general partnership ("PR" or the "Applicant"), counsel to

Builders Plumbing & Heating Supply Co. ("Builders") and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code (the

"Bankruptcy Code") and Local Rule 5082-1 of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court For the Northern District of Illinois (the "Local Rules"), submits this

Final Fee Application (the "Application") for Allowance of Compensation for Services Rendered

and Reimbursement of Expenses Incurred as Counsel to the Debtors for the Period From

December 5, 2003 Through March 11, 2004 (the "Application Period") and respectfully requests

that this Court enter an order awarding PR final compensation of **$368,420.00** for professional

services rendered to the Debtors.

~CHGO1:30427258.v1

In addition, PR seeks final reimbursement of its ordinary and necessary costs of **$24,201.63** for the previously allowed interim expenses of PR for the period from December 5, 2003 through March 11, 2004.

In support of the foregoing requests, the Applicant states as follows.

## I.   JURISDICTION, NOTICE & FEES

1.     This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

2.     The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

3.     In accordance with the Administrative Order, PR has served this Application upon Builders, counsel to the Official Committee of Unsecured Creditors (the "Committee"), all special counsel to the Debtors retained in these cases, counsel to the post-petition Lenders, the United States Trustee, the Trustee and other professionals (excluding Ordinary Course Professionals) retained pursuant to Order of this Court in these cases. PR has also served notice of this Application upon those entities having requested notices in these cases pursuant to Rule 2002. PR submits that such notice is appropriate and proper.

4.     To the best of PR's knowledge, the Debtors have paid to the United States Trustee's office all quarterly fees due and owing.

## II.   PR'S RETENTION & PRIOR FEE REQUESTS

5.     On December 15, 2003, this Court entered that certain Final Order Pursuant to 11 U.S.C. §§ 327(a) and 329 Authorizing the Employment and Retention of Piper Rudnick LLP as counsel to the Debtors, effective as of December 5, 2003. (Docket No. 65).

2

6.    On December 15, 2003, this Court entered that certain Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Periodic Compensation and Reimbursement of Expenses of Professionals (Docket No. 66) (the "Administrative Order").

7.    Pursuant to the Administrative Order, PR and other professionals retained in this case are authorized to file and serve upon parties identified in the Administrative Order monthly fee applications each month (the "Monthly Fee Statement"). Upon expiration of a 20-day objection period specified in the Administrative Order, if no objection is received, the Debtors are authorized to pay PR and other professionals ninety percent (90%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement. If an objection is received, then the Debtors are authorized to pay ninety percent (90%) of the fees and one hundred percent (100%) of the expenses that are not the subject of the objection.

8.    On January 12, 2004, PR filed its First Monthly Statement Of Piper Rudnick LLP As Counsel To The Debtors For The Period From December 5, 2003 Through December 31, 2003, seeking allowance of fees in the amount of $164,969.50 and reimbursement of expenses in the amount of $11,191.22.

9.    On February 6, 2004, PR filed its Second Monthly Statement Of Piper Rudnick LLP As Counsel To The Debtors For The Period From January 1, 2004 Through January 31, 2004, seeking allowance of fees in the amount of $160,712.00 and reimbursement of expenses in the amount of $7,423.18.

10.    On March 3, 2004, PR filed its Third Monthly Statement Of Piper Rudnick LLP As Counsel To The Debtors For The Period From February 1, 2004 Through February 29, 2004, seeking allowance of fees in the amount of $32,413.00 and reimbursement of expenses in the amount of $3,889.43.

~CHGO1:30427258.v1

11.     The First, Second and Third Monthly Statements of Piper Rudnick LLP were reviewed by the secured creditors, as well as the Committee, who, having had an opportunity to object under the Administrative Order, elected not to do so and have approved each fee request. Although the secured creditors would benefit from a reduction in fees, they again advanced fees and retainers, which inure to their benefit. Notice should be limited to the Notice Parties and we request that the Court waive further notice.

12.     This is PR's final fee application.[1]

## III.    NATURE OF LEGAL SERVICES PERFORMED BY PIPER RUDNICK

### A.      Brief History of the Case

13.     On December 5, 2003 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code (collectively, this "Case").

14.     On December 11, 2003 the United States Trustee appointed an official committee of unsecured creditors.

15.     On December 24, 2003, this Court entered an Order (A) Authorizing the Sale of Substantially all Assets and Approving Bidding Procedures (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (C) setting Date for Sale and Hearing on Sale and (D) Approving Form of Notice (the "Sale Authorization Order").

16.     Pursuant to the Sale Authorization Order, the sale of substantially all the Debtors' assets (the "Sale") took place on January 21, 2004. Ferguson Enterprises, Inc. ("Ferguson") was the successful purchaser of substantially all the Debtors' assets at the Sale. In connection with

---

[1]     Because the requested fees and expenses for March, 2004 are included in this Application, PR did not file a monthly request for March, 2004.

the Sale, the Debtors and Ferguson executed an Asset Purchase Agreement, dated January 21, 2004 (the "APA").

17.     On January 22, 2004, this Court entered an order approving the Sale.

18.     On March 11, 2004, after consultation with Silverman Consulting, Debtors' financial consultants, and with the Office of the United States Trustee, this case was voluntarily converted to a case under Chapter 7 of the Bankruptcy Code.

19.     PR has served as counsel to the Debtors at all times during these cases prior to the conversion of these cases to cases under Chapter 7 of the Bankruptcy Code and PR attorneys have devoted substantial time to numerous and complex legal matters in these cases. All services and costs for which compensation is requested by PR in this Application were reasonable and necessary and were performed for and on behalf of the Debtors, and not for or on behalf of any other person. All of the professional services that PR rendered to the Debtors during the Application Period are set forth in detail. Group Exhibit "A" includes itemized breakdowns for the period from December 5, 2003 through March 11, 2004. Group Exhibit "A" is segregated according to project billing categories pursuant to Local Rule, as described below.

**B.     Accounting Issues and Communications with Accountants – 001**   (Total Hours: 1.10, Total Fees: $533.50)

20.     During the Application Period, PR attorneys established internal procedures and created documents required for the representation of a new client. In connection therewith, PR attorneys communicated with internal accounting personnel to ensure bills were generated properly and the amount of hours expended representing the Debtors were appropriately recorded.

21.     In connection with the foregoing, PR expended 1.10 hours for which PR seeks compensation of $533.50. An itemized breakdown of the services rendered to the Debtors for

5

the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-1." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 1.10 | $533.50 |
| Total Time | 1.10 | $533.50 |

**C.     Asset Disposition (review, analyze, consider and conduct sales of debtors' assets, including 363 sale – 002** (Total Hours: 367.55, Total Fees: $142,840.00)

22.      During the Application Period, PR attorneys worked closely with the Debtors and their financial advisors to maximize the value of the Debtors' estates and sell the Debtors' assets. The majority of PR attorneys' time was devoted to the Sale of substantially all of Debtors' assets to Ferguson Enterprises, Inc. ("Ferguson"). The tasks performed by PR attorneys throughout the sale process included, without limitation, the following: (a) conversations with prospective purchasers of the Debtors' assets; (b) reviewed and analyzed the Debtors' assets and the worth of such assets; (c) met with personnel from the Debtors' financial advisors to prepare a strategy for the sale of the Debtors' assets; (d) drafted documents seeking the Court's approval of certain procedures for the sale of the Debtors' assets and the Court's authorization to sell the Debtors' assets; (e) negotiated terms and procedures for sale of the Debtors' assets with counsel to the Committee; (f) attended hearings on the Debtors' motion to authorize sale of substantially all the Debtors' assets; (g) drafted order authorizing the sale of the Debtors' assets; (h) drafted and negotiated an asset purchase agreement for the sale of the Debtors' assets with Ferguson; (i) conducted an auction for the sale of the Debtors' assets; (j) attended the hearing to approve the sale of the Debtors' assets to Ferguson; and (k) conducted closing on the sale of the Debtors' assets to Ferguson.

~CHGO1:30427258.v1

23.    In addition to the foregoing, PR attorneys expended significant resources communicating and negotiating with: (a) certain interested parties to procure such parties' consent to the sale process (i.e., bidding procedures); and (b) non-debtor counter-parties to certain executory contracts and unexpired leases to procure such parties' consent to the assumption and assignment of their contracts and/or leases to Ferguson. Moreover, following the sale of the Debtors' assets to Ferguson, PR attorneys formulated plans for liquidating the Debtors' remaining assets by conducting meetings with the Debtors' financial advisors and reviewing proposals from firms seeking employment to liquidate the Debtors' remaining assets.

24.    The foregoing services merely represent a "snapshot" of PR's services related to the disposition of the Debtors' assets to Ferguson. Although this Application breaks-down PR's services into a number of different areas, the majority of PR's services were directed toward efficiently and effectively procuring a sale of the Debtors' assets. By focusing their time and efforts on ensuring a competitive sale process and a smooth transition of the Debtors' assets to a successful purchaser, PR attorneys were able to ensure the continued operation of the Debtors' business throughout the Debtors' chapter 11 cases; thus, maximizing the value of the Debtors' businesses as going concerns and procuring the best price from Ferguson in exchange for the Debtors' assets.

25.    In connection with the foregoing, PR attorneys expended 367.55 hours for which PR seeks compensation of $142,840.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-2." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 92.30 | $45,237.50 |
| George T. Plumb | 2.40 | $1,140.00 |

7

| Name | Hours | Value |
|------|------:|------:|
| Mark A. Berkoff | 3.30 | $1,583.50 |
| William L. Rawson | 8.60 | $4,137.50 |
| Anita T. Molano | 37.40 | $16,406.00 |
| Philip V. Martino | 2.20 | $990.00 |
| Marc I. Fenton | 76.40 | $31,191.00 |
| Dov J. Pinchot | 47.40 | $18,723.00 |
| Vicki J. Baue | 2.10 | $756.00 |
| Gregory W. Hayes | 2.50 | $875.00 |
| Thomas W. Ryan | 1.50 | $457.50 |
| Brian Audette | 74.30 | $18,021.50 |
| Janet R. Sumrall | 16.80 | $3,276.00 |
| Valerie Kropf | 0.35 | $45.50 |
| Total Time | 367.55 | $142,840.00 |

**D.**   **Automatic Stay (Relief Actions) – 003**   (Total Hours: 19.10, Total Fees: $6,139.50)

26.   During the Application Period, PR attorneys reviewed numerous motions filed by secured creditors seeking relief from the automatic stay to repossess certain collateral from the Debtors' estates. PR attorneys also discussed such motions with certain secured creditors and negotiated the terms of the relief from the stay with counsel to certain secured creditors. Additionally, PR attorneys monitored the activities of certain lessors who attempted to recover property leased to the Debtors in violation of the automatic stay.

27.   In connection with the foregoing, PR attorneys expended 19.10 hours in this category for which PR seeks compensation of $6,139.50. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-3." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|------:|------:|
| David N. Missner | 1.30 | $630.50 |
| Marc I. Fenton | 7.20 | $2,928.00 |

| | | |
|---|---|---|
| Brian Audette | 10.60 | $2,581.00 |
| Total Time | 19.10 | $6,139.50 |

**E.**   **Business Operations – 004**: (Total Hours: 4.60, Total Fees: $2,231.00)

28.   During the Application Period, PR attorneys addressed the Debtors' business operations by: (a) discussing with the Debtors' officers, directors and financial consultants certain requirements and limitations imposed on debtors-in-possession by the Bankruptcy Code; and (b) monitoring the decisions of the Debtors' officers, directors and financial consultants following the Petition Date.

29.   In connection with the foregoing, PR attorneys expended 4.60 hours for which PR seeks compensation of $2,231.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-4." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|---|---|---|
| David N. Missner | 4.60 | $2,231.00 |
| Total Time | 4.60 | $2,231.00 |

**F.**   **Case Administration – 005**: (Total Hours: 144.70, Total Fees: $42,828.00)

30.   During the Application Period, PR attorneys attended to numerous matters involving the administration of the Debtors' cases, including, without limitation, the following: (a) attended hearing on the Debtors' first day motions; (b) communicated with parties inquiring about the status of the Debtors' cases; (c) communicated and planned general case strategy with one another, the Debtors' financial consultants and the Debtors' officers and directors; (d) reviewed and analyzed monthly operating reports created by the Debtors' consultants; (e) communicated with the Debtors' officers and directors and the Debtors' consultants regarding general progression of the Debtors' cases; (f) drafted pleadings regarding the bar date and notice

9

of bar date; (g) coordinated and communicated with the Debtors' claims agent regarding the claims process and bar date issues; and (h) planned the strategy for the Debtors' cases following the sale of the Debtors' assets to Ferguson.

31.    In connection with the foregoing, PR attorneys expended 144.70 hours for which PR seeks compensation of $42,828.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-5." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 10.30 | $5,327.50 |
| George T. Plumb | 4.70 | $2,267.50 |
| Mark A. Berkoff | 18.40 | $8,746.00 |
| William L. Rawson | 0.40 | $200.00 |
| Anita T. Molano | 1.00 | $460.00 |
| Marc I. Fenton | 11.10 | $4,434.00 |
| Sang-yul Lee | 2.50 | $912.50 |
| Brian A. Audette | 47.30 | $11,714.50 |
| Nina H. Taylor | 49.00 | $8,766.00 |
| Total Time | 144.70 | $42,828.00 |

**G.**    **Claims Administration and Objections – 006**: (Total Hours: 9.10, Total Fees: $3,607.00)

32.    During the Application Period, PR attorneys reviewed and analyzed certain claims filed by the Debtors' creditors and coordinated with the Debtors' claims agent regarding the filing and recording of such claims.

33.    In connection with the foregoing, PR attorneys expended 9.10 hours for which PR seeks compensation of $3,607.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-6." A general breakdown for the entire Application Period is as follows:

10

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 8.30 | $3,427.00 |
| Brian Audette | 0.80 | $180.00 |
| Total Time | 9.10 | $3,607.00 |

**H.**   **Correspondence and Telephone Calls with Creditors, Creditors' Committte or Respresentatives Thereof -- 007**: (Total Hours: 28.10, Total Fees: $10,991.00)

34.   During the Application Period, PR attorneys expended significant time communicating with the Debtors' creditors and explaining the bankruptcy process to said creditors.   In connection therewith, PR attorneys often drafted correspondence to certain creditors and delivered certain bankruptcy-related documents and pleadings to said creditors.   In addition, PR attorneys were in constant communication with the Committee's attorneys throughout the case regarding all aspects of the Debtors' cases.

35.   In connection with the foregoing, PR attorneys expended 28.10 hours for which PR seeks compensation of $10,991.00.   An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-7."   A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 2.00 | $1,050.00 |
| Mark A. Berkoff | 4.30 | $2,042.50 |
| Marc I. Fenton | 16.80 | $6,609.50 |
| Brian Audette | 5.00 | $1,289.00 |
| Total Time | 28.10 | $10,991.00 |

**I.**   **Executory Contracts/Personalty -- 008**: (Total Hours: 70.60; Total Fees: $20,454.00)

36.   During the Application Period, PR attorneys expended significant time and resources reviewing and analyzing the Debtors' executory contracts and unexpired leases.   In connection therewith, PR attorneys: (a) drafted motions to assume and assign certain unexpired

11

leases; (b) drafted motions to reject certain executory contracts and unexpired leases; (c) communicated and negotiated with counter-parties to certain executory contracts and unexpired leases; and (d) drafted leases for certain real property.

37.    In connection with the foregoing, PR attorneys expended 70.60 hours for which PR seeks compensation of $20,454.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-8." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 0.20 | $97.00 |
| Marc I. Fenton | 10.30 | $4,274.50 |
| Dov J. Pinchot | 1.20 | $474.00 |
| Brian Audette | 58.90 | $15,608.50 |
| Total Time | 70.60 | $20,454.00 |

**J.    Insurance – 009**: (Total Hours: 6.40, Total Fees: $2,674.00)

38.    During the Application Period, PR attorneys: (a) communicated and negotiated with the Debtors' insurers to retain insurance for the Debtors estates; and (b) reviewed certain of the Debtors' key insurance policies.

39.    In connection with the foregoing, PR attorneys expended 6.40 hours for which PR seeks compensation of $2,674.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-9." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 0.80 | $420.00 |
| Marc I. Fenton | 5.60 | $2,254.00 |
| Total Time | 6.40 | $2,674.00 |

12

**K.**    **Litigation (General) – 011**: (Total Hours: 83.60, Total Fees: $36,753.00)

40.    During the Application Period, PR attorneys expended significant time and resources with respect to litigation matters due to objections to Debtors' request for financing and sale of assets filed by the Committee and others. PR attorneys performed, without limitation, the following services: (a) researched legal issues and drafted memoranda relating to Section 363 of the Bankruptcy Code; (b) reviewed and prepared documents for presentation at potential trials relating to the Debtors' post-petition financing and the proposed sale of the Debtors' assets; (c) conducted internal meetings to prepare for potential trials relating to the Debtors' post-petition financing and the proposed sale of the Debtors' assets; (d) reviewed pleadings relating to the Debtors' proposed sale of its assets and the Debtors' post-petition financing; (e) prepared the Debtors' financial consultants and the Debtors officers and directors for testimony at potential trials relating to the Debtors' post-petition financing and the proposed sale of the Debtors assets; and (f) negotiated with counsel to the Committee regarding the Debtors' post-petition financing and the proposed sale of the Debtors' assets.

41.    In connection with the foregoing, PR attorneys expended 83.60 hours for which PR seeks compensation of $36,753.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-10." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 46.10 | $21,897.50 |
| Philip V. Martino | 0.80 | $360.00 |
| John D. Burke | 26.20 | $10,480.00 |
| Marc I. Fenton | 8.70 | $3,610.50 |
| Brian A. Audette | 1.80 | $405.00 |
| Total Time | 83.60 | $36,753.00 |

13

**L.**   **Preparation for and Attendance at Creditor Meetings – 013**: (Total Hours: 9.40, Total Fees: $4,592.00)

42.     During the Application Period, PR prepared numerous documents for presentation to the Committee and its counsel at the meeting of creditors.  In addition, PR attorneys attended meetings with the Committee and its counsel.

43.     In connection with the foregoing, PR attorneys expended 9.40 hours for which PR seeks compensation of $4,592.00.  An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-11."  A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 5.80 | $2,933.00 |
| Mark A. Berkoff | 3.00 | $1,425.00 |
| Marc I. Fenton | 0.60 | $234.00 |
| Total Time | 9.40 | $4,592.00 |

**M.**   **DIP Financing and Cash Collateral Matters – 014**: (Total Hours: 108.70, Total Fees: $43,113.50)

44.     During the Application Period, PR attorneys expended significant time and resources with respect to retaining post-petition financing for the Debtors' estates.  In connection therewith, PR attorneys performed, without limitation, the following services: (a) negotiated a debtor-in-possession financing order with counsel to the post-petition lenders; (b) drafted a debtor-in-possession financing order; (c) negotiated certain terms of the debtor-in-possession financing order with counsel to the Committee; (d) attended court hearings associated with debtor-in-possession financing; and (e) researched legal issues and drafted memoranda associated with debtor-in-possession financing.

45.     In connection with the foregoing, PR attorneys expended 108.70 hours for which PR seeks compensation of $43,113.50.  An itemized breakdown of the services rendered to the

14

Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-12." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 9.90 | $5,069.50 |
| George T. Plumb | 30.40 | $14,755.00 |
| Philip V. Martino | 2.10 | $945.00 |
| Marc I. Fenton | 40.30 | $16,042.00 |
| Brian Audette | 5.10 | $1,147.50 |
| Timothy M. Enright | 20.90 | $5,154.50 |
| Total Time | 108.70 | $43,113.50 |

**N.**    **Employee Matters – 016**: (Total Hours: 30.30, Total Fees: $10,280.00)

46.    During the Application Period, PR attorneys provided services in connection with the following: (a) addressing the Debtors' employees' questions and concerns regarding the Debtors' bankruptcy filings; (b) reviewing and responding to correspondence from certain of the Debtors' former employees; and (c) reviewing and analyzing certain correspondence from the union to which the Debtors' employees belonged.

47.    In connection with the foregoing, PR attorneys expended 30.30 hours for which PR seeks compensation of $10,280.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-13." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 0.30 | $145.50 |
| Marc I. Fenton | 17.00 | $6,797.50 |
| Brian Audette | 13.00 | $3,337.00 |
| Total Time | 30.30 | $10,280.00 |

~CHGO1:30427258.v1

**O.**    **Fee/Employment Applications – 017**: (Total Hours: 53.00, Total Fees: $19,779.50)

48.    Early on in the Debtors' cases, PR attorneys prepared applications for the employment of certain of the Debtors' professionals, including Piper Rudnick LLP and Silverman Consulting.   Additionally, PR attorneys prepared: (a) an application for the employment of The Trumbull Group as the Debtors' claims and noticing agent; and (b) an application for the employment of HILCO as the party selected to liquidate the remainder of the Debtors' assets following the sale of substantially all the Debtors' assets to Ferguson.   PR attorneys also attended each of the Court hearings associated with the foregoing.

49.    In connection with the foregoing, PR attorneys expended 53.00 hours for which PR seeks compensation of $19,779.50.   An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-14."   A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 3.40 | $1,649.00 |
| Mark A. Berkoff | 4.00 | $1,900.00 |
| Philip V. Martino | 0.40 | $180.00 |
| Marc I. Fenton | 31.20 | $12,720.50 |
| Brian A. Audette | 14.00 | $3,330.00 |
| Total Time | 53.00 | $19,779.50 |

**P.**    **Real Estate (Owned) – 018**: (Total Hours: 1.80, Total Fees: $537.00)

50.    During the Application Period, PR attorneys reviewed and analyzed the Debtors' real estate and discussed the disposition of said real estate with one of the Debtors' lenders, which had a lien on the real estate.

51.    In connection with the foregoing, PR attorneys expended 1.80 hours for which PR seeks compensation of $537.00.   An itemized breakdown of the services rendered to the Debtors

16

for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit

"A-15." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 0.40 | $166.00 |
| Brian Audette | 1.40 | $371.00 |
| Total Time | 1.80 | $537.00 |

**Q.    Reports and Schedules – 019**: (Total Hours: 21.90, Total Fees: $9,777.50)

52.    During the Application Period, PR attorneys assisted with the preparation of the

Debtors' schedules and statements of financial affairs.  In connection therewith, PR attorneys

consulted regularly with the Debtors' financial advisors to ensure the accuracy of the Debtors'

schedules and statements of financial affairs.

53.    In connection with the foregoing, PR attorneys expended 21.90 hours for which

PR seeks compensation of $9,777.50.  An itemized breakdown of the services rendered to the

Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as

Exhibit "A-16." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 10.70 | $5,189.50 |
| Marc I. Fenton | 10.80 | $4,482.00 |
| Brian Audette | 0.40 | $106.00 |
| Total Time | 21.90 | $9,777.50 |

**R.    Review and Analysis of Financial Information – 021**: (Total Hours: 11.60, Total Fees: $5,122.00)

54.    During the Application Period, PR attorneys reviewed and analyzed financial

information related to the Debtors' businesses, both in connection with the day to day operations

of the Debtors' businesses and in connection with the sale of substantially all the Debtors' assets

to Ferguson.

17

55.    In connection with the foregoing, PR attorneys expended 11.60 hours for which PR seeks compensation of $5,122.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-17." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 4.40 | $2,134.00 |
| Marc I. Fenton | 7.20 | $2,988.00 |
| Total Time | 11.60 | $5,122.00 |

### S.    Review, Analysis and Objections to Executory Contracts, Assumptions and Rejections – 022: (Total Hours: 7.40, Total Fees: $2,074.50)

56.    During the Application Period, PR attorneys reviewed certain of the Debtors' executory contracts and unexpired leases and drafted motions to either assume and assign said executory contracts and unexpired leases or reject the executory contracts and unexpired leases.

57.    In connection with the foregoing, PR attorneys expended 7.40 hours for which PR seeks compensation of $2,074.50. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-18." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| David N. Missner | 0.40 | $194.00 |
| Marc I. Fenton | 1.70 | $688.00 |
| Brian Audette | 5.30 | $1,192.50 |
| Total Time | 7.40 | $2,074.50 |

### T.    Tax Matters – 0023  (Total Hours: 2.80, Total Fees: $1,142.00)

58.    During the Application Period, PR attorneys reviewed certain tax issues, communicated with certain taxing authorities and coordinated with the Debtors' consultants to ensure that the Debtors' taxes were paid in full.

~CHGO1:30427258.v1

59.    In connection with the foregoing, PR attorneys expended 2.80 hours for which PR seeks compensation of $1,142.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-19." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 2.80 | $1,142.00 |
| Total Time | 2.80 | $1,142.00 |

**U.    Utilities – 025**: (Total Hours: 9.60, Total Fees: $2,327.00)

60.    During the Application Period, PR attorneys reviewed the Debtors' numerous utility agreements and drafted a motion to establish certain procedures for ensuring that the Debtors' utility providers were given adequate assurance of the Debtors' future performance.

61.    In connection with the foregoing, PR attorneys expended 9.60 hours for which PR seeks compensation of $2,327.00. An itemized breakdown of the services rendered to the Debtors for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit "A-20." A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 1.80 | $702.00 |
| Brian Audette | 5.20 | $1,170.00 |
| Nina H. Taylor | 2.60 | $455.00 |
| Total Time | 9.60 | $2,327.00 |

**V.    Vendor Matters – 026**: (Total Hours: 1.60, Total Fees: $624.00)

62.    During the Application Period, PR attorneys communicated with certain of the Debtors' vendors to ensure the continued operation of the Debtors' businesses during the post-petition period. Additionally, PR attorneys communicated with the Debtors' financial consultants regarding certain issues raised by the Debtors' vendors.

19

63.   In connection with the foregoing, PR attorneys expended 1.60 hours for which PR

seeks compensation of $624.00.  An itemized breakdown of the services rendered to the Debtors

for the period December 5, 2003 through March 11, 2004, if any, is attached hereto as Exhibit

"A-21."  A general breakdown for the entire Application Period is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Marc I. Fenton | 1.60 | $624.00 |
| Total Time | 1.60 | $624.00 |

**W.**     **Statement of Expenses** (PR Total Expenses: $24,201.63)

64.   PR also incurred or accrued expenses in the amount of $24,201.63 for, among

other things, telephone charges (at actual cost), photocopy charges **(at 10 cents per page)**, and

delivery charges (at actual cost).  A detailed breakdown of expenses incurred by PR during the

period December 5, 2003 through March 11, 2004 is attached as Exhibit "B."

## IV.   APPLICABLE LEGAL STANDARDS AND CRITERIA

65.   Section 330 of the Bankruptcy Code provides, in relevant part, that:

> After notice . . . the court may award to . . . a professional person
> employed under section 327 or 1103 of this title . . .

> (1)     reasonable compensation for actual, necessary services
> rendered by such . . . attorney . . . based on the nature, the
> extent, and the value of such services, the time spent on
> such services, and the cost of comparable services other
> than in a case under this title; . . . .

66.   Pursuant to section 330 of the Bankruptcy Code, professionals applying for fees

must demonstrate that their services were actual, necessary and reasonable.  Bankruptcy Rule

2016, in turn, requires that "[A]n entity seeking interim or final compensation for services, or

reimbursement of necessary expenses, from the estate shall file an application setting forth a

detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the

amounts requested."  In addition, "[S]ervices performed by attorneys representing debtors must

~CHGO1:30427258.v1

produce a benefit to the estate in order to be fully compensable from the estate." In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J). This Court and others have utilized the twelve factors cited in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) to assess a fee application. Those factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-19; See also In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001).

67.    Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the First Circuit Court of Appeals stated in holding that a district court's reduction of requested compensation was an abuse of discretion in a case under the former Bankruptcy Act:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

In re Boston and Maine Corporation, 776 F.2d 2110 (1st Cir. 1985) (citations omitted). See also In the Matter of Continental Illinois Securities Litigation, 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to

21

stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible.")

## V.   APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

68.   In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by PR, the reasonableness of the services rendered and the results achieved. All of the services performed by PR were required for the proper representation of the Debtors in this case, were authorized by the Court and were performed by PR at the request and direction of the Debtors. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of PR's services are compensable.

69.   The amount of services rendered by PR to achieve the results obtained for the benefit of the Debtors' creditors was reasonable in light of the complexity of the issues involved in this case. PR attorneys allocated responsibilities among attorneys at PR to minimize possible duplication of efforts. Compensation is sought for participation in one task by more than one attorney of PR only in instances where joint participation was necessary because of the significant impact of a particular hearing or meeting, the complexity of the problems involved, the magnitude of the work to be performed, the specialization required or the need to preserve a continuity of representation. In a case of this magnitude and complexity, it is often more economical and sometimes necessary for multiple attorneys to attend a meeting or hearing to facilitate communication of information than to relay the information from attorney to attorney. In similar situations, such representation has been approved. See Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985). For example, on certain occasions, more than one PR attorney attended hearings in this case when numerous matters were before the Court and it would have been

22

virtually impossible for one attorney to respond, not only to the Court's inquiries on every matter, but to any off-the-record discussions with other counsel.

70.     The legal services that PR provided in these cases resulted in the expeditious resolution of various contested issues.  PR submits that its services have rendered a significant benefit to the Debtors and its estates.

71.     The experience and expertise in bankruptcy cases and the quality of the services brought to these cases by PR further supports the requested compensation.  This law firm has charged the estates the normal and customary hourly rates for similar services rendered in like circumstances to other clients.  The rates at which PR seeks compensation are its standard and customary hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other clients.  The rates are comparable to the rates charged by other practitioners of similar experience, competence and standing in the community.

72.     Given the challenging circumstances of this case, and the results achieved to date, PR submits that its hourly rates for the hours for which compensation is sought are reasonable and appropriate.  The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is imminently fair given the efforts required of PR in this case, and the results achieved thus far for the benefit of the Debtors' estates and its creditors.

## VI.    STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. §504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

73.     No agreement exists between PR and any third person for the sharing of compensation received by PR in this case, except as allowed by the exception set forth in

23

Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of PR.

74.    From December 5, 2003 through and including March 11, 2004, PR has devoted 992.95 hours to represent the Debtors with respect to categories III.(B)-(W) above, and has provided this estate with actual and necessary legal services worth a total of $368,420.00 and has incurred expenses totaling $24,201.63.

75.    A copy of the computer generated time entries reflecting the time recorded for these services (for the period from December 5, 2003 through March 11, 2004), organized in project billing categories in accordance with Local Rule 607, is attached hereto as Group Exhibit "A."

76.    A computer generated statement of expenses incurred by PR (for the period from December 5, 2003 through March 11, 2004) is attached hereto as Exhibit "B."

77.    Attached hereto as Exhibit "C" is the Affidavit of David N. Missner attesting to, among other things, the accuracy of the information set forth in Group Exhibit "A" and Exhibit "B" of this Application.

78.    Attached to this Application as Exhibit "D" is a biographical sketch (including billing rates) of each professional whose time is reflected in Group Exhibit "A" of this Application.  Exhibit "D" also includes the name (and billing rates) of paralegals whose time is reflected in Group Exhibit "A."

**WHEREFORE,** Piper Rudnick LLP, as counsel for the Debtors herein, respectfully requests that this Court enter an Order authorizing and approving:

24

A.     Final compensation in the amount of **$368,420.00** incurred for actual, necessary and valuable professional services rendered to the Debtors by PR from December 5, 2003 through March 11, 2004.

B.     Expenses totaling **$24,201.63** incurred in connection with PR's representation of the Debtors for the period from December 5, 2003 through March 11, 2004.

C.     Granting such other and further consistent relief as the Court may deem just and equitable.

**PIPER RUDNICK LLP**

By: _____
David N. Missner (ARDC No. 01928988)
Marc I. Fenton (ARDC No. 06180633)
Brian A. Audette (ARDC No. 06277056)
**PIPER RUDNICK LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
(312) 368-4000

Dated: May 7, 2004

Attorneys for Debtors and
Debtors in Possession

25

# Piper Rudnick

*Fed ID #52-0616490*

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

Builders Plumbing Supply re: Chapter 11
Attn: Mr. Harvey Kogan
Builders Plumbing Supply Corporation
133 South Rohlwing Road
Addison, IL  60101

April 26, 2004
Invoice #  1497640

**Matter Number:**  218383-001001

**Matter Name:**  **Accounting issues and communications with accounts**

For Legal Services Rendered Through March 11, 2004

For Builders Plumbing Supply re: Chapter 11
Proceedings for Builders Plumbing & Heating

|  |  |  | Hours |
|---|---|---|---|
| 02/16/04 | D. Missner | Telephone conference with Graff re Bud Prium investigation; review proposed questions and revise same; conference call with James Chatz and Mark Bishoff re Harvey Kogan | .60 |
| 02/17/04 | D. Missner | Numerous telephone conferences with James Chatz, Craig Graff and Marc Fenton re irregularities in accounting | .50 |

| | |
|---|---|
| Total Fees | $533.50 |
| Total Fees and Disbursements | $533.50 |
| Total Matter Current Balance | $533.50 |
| Total Matter Due | $533.50 |

*Piper Rudnick LLP*

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Attn: Mr. Harvey Kogan                              April 26, 2004
Builders Plumbing Supply Corporation               Invoice #  1497641
133 South Rohlwing Road
Addison, IL  60101

   **Matter Number:**   218383-001002

   **Matter Name:**    **Asset Disposition (review, analyze,**
                       **consider and conduct sales of debtor's**
                       **assets, including 363 sale)**

   For Legal Services Rendered Through March 11, 2004

   For Builders Plumbing Supply re: Chapter 11
       Proceedings for Builders Plumbing & Heating

|            |              |                                                                 | Hours |
|------------|--------------|-----------------------------------------------------------------|-------|
| 12/05/03 | B. Audette | Conference with David Missner, re: motion for authorization for Section 363 sale. | .80 |
| 12/07/03 | B. Audette | Draft motion for approval of section 363 sale. | 4.90 |
| 12/08/03 | B. Audette | Conferences with David Missner, re: motion for authority for 363 sale (.6); Draft motion for authority for 363 sale and proposed order for same (4.5). | 5.10 |
| 12/08/03 | D. Missner | Work on 363 motion; review and revise same | 1.00 |
| 12/08/03 | W. Rawson | Telephone calls with R. Rome, H. Kogan, D. Missner and G. Plumb | .90 |
| 12/09/03 | B. Audette | Draft Motion for Approval of 363 Sale and Proposed Order and review research re: same (3); Conferences with David Missner and Marc Fenton, re: same (.9); Conference with David Missner, Bill Rawson and Anita Molano, re: contract for sale of assets (.7); Conference with Anita Molano, re: same (.8). | 5.40 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641                                          Page      2

| | | | |
|---|---|---|---|
| 12/09/03 | M. Fenton | Review and revise motion, notice and orders to sell assets (.80); discuss revisions with B. Audette and D. Missner (.30); confer with J. Henricksen regarding sale of inventory (.20); review proposed sales (.30). | 1.60 |
| 12/09/03 | D. Missner | Work on 363 motion, exhibits, notice and order; review and revise same | 2.50 |
| 12/09/03 | D. Missner | Conference with Molano and Rawson re terms of contract for sale; review sale contracts | 2.00 |
| 12/09/03 | W. Rawson | Meeting with D. Missner, A. Molano and B. Audette | .50 |
| 12/09/03 | A. Molano | Meetings with D. Missner and B. Audette regarding auction draft; attention to same. | 1.50 |
| 12/10/03 | B. Audette | Draft asset purchase agreement for Section 363 sale (6.2); Conference with Anita Molano, re: same (.2). | 6.40 |
| 12/10/03 | G. Plumb | Review and comment on sale order. | .50 |
| 12/10/03 | A. Molano | Attention to asset sale process. | .40 |
| 12/11/03 | B. Audette | Conference with David Missner, re: Section 363 Sale Motion (.7); Revise Order authorizing Section 363 sale and corresponding exhibits (.5); Conference with Anita Molano, re: contract for sale of substantially all Debtors' assets (.6); Draft contract for sale of substantially all Debtors' assets (1.4); Prepare summary of all leases relating to Debtors' branches/locations (1.1). | 4.30 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    3

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/11/03 | M. Fenton | Confer with C. Graff to discuss miscellaneous sales and °363 sale. | .40 |
| 12/11/03 | M. Berkoff | Review 363 motion and attached exhibits (.80); office conferences with D. Missner re: same (.30). | 1.10 |
| 12/11/03 | D. Missner | Prepare with Craig Graff for hearing on 363 motion and attend court hearing re same (2.50); further office conferences with Craig Graff and Steve Kogan re structure of 363 sale (1.00) | 3.50 |
| 12/11/03 | D. Missner | Telephone conferences with attorneys re sale of excess inventory and office conference re ordinary course or not | .50 |
| 12/11/03 | G. Plumb | Extended teleconference with Jim Manzer re: real estate and corporate issues for forbearance compliance (.7); outline requests for documents (.4); review corporate documents (.5); conference with Fenton re: sale order and hearing (.3). | 1.90 |
| 12/11/03 | A. Molano | Review Motion; attention to auction draft. | 5.00 |
| 12/12/03 | B. Audette | Prepare and revise chart summarizing terms of Debtors' leases (.2); Draft email to atty. for bank group and silverman, re: same (.5); Phone call with Brad Pruim and draft notes from call, re: same (.4); Phone call with atty. for potential purchaser of Debtors' assets (.2). | 1.30 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  fax 312.236.7516

Fed ID #52-0616490

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641                                    Page    4


| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/12/03 | M. Fenton | Confer with C. Gettlemen regarding lease issue and effect upon sale of assets (.30); meet with D. Missner, B. Audette and C. Graff to discuss same (.40). | .70 |
| 12/12/03 | D. Missner | Work on sales of assets; review proposed contract; conference with Audette re leaseholds and sale thereof; correspondence to and from Graff and other potential purchasers re request for information; conference with Berkoff re same | 2.30 |
| 12/12/03 | W. Rawson | Telephone calls with S. Kogan; Meeting with D. Missner and M. Berkoff | 1.10 |
| 12/12/03 | A. Molano | Review and revise agreement. | 1.80 |
| 12/13/03 | M. Fenton | Review written request of American Express for documents to review sales for Committee (.20); review request from C. Graff to B. Pruim regarding New Berlin facility relationship with KDA regarding sale issues (.10); review communications regarding Nordyne request to purchase inventory (.20). | .50 |
| 12/15/03 | B. Audette | Conferences and phone calls with Mark Berkoff, Marc Fenton and Craig Graff, re: Section 363 sale issues (.3); Research: Section 363 sale issues in preparation for hearing on 12/18/03 (2.2); Draft memorandum to Mark Berkoff, re: same (1.1). | 3.60 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice # 1497641

Page     5

| Date | Name | Description | Hours |
|---|---|---|---|
| 12/15/03 | M. Fenton | Confer with M. Berkoff and B. Audette regarding sale issues and proof needed for same (.20); review memo from B. Audette regarding sale requirements (.20). | .40 |
| 12/15/03 | M. Berkoff | Office conference with W. Rawson and M. Fenton re: strategy (.40); office conference with B. Audette re: hearing preparation (.10); review B. Audette's memo (.20); begin to prepare for December 18, 2003 hearing (.70). | 1.40 |
| 12/15/03 | W. Rawson | Conferences with M. Berkoff | .40 |
| 12/16/03 | M. Fenton | Review memos regarding potential purchasers and status (.50); confer with C. Graff regarding same (.50). | 1.00 |
| 12/16/03 | W. Rawson | Conferences with M. Berkoff and C. Graff | .60 |
| 12/17/03 | B. Audette | Research: section 363 issues (2.2); Conferences with Marc Fenton, re: same (.2); Phone call with atty. for Schulhoff (.2). | 2.60 |
| 12/17/03 | M. Fenton | Confer with P. Martino regarding sale issues to prepare him for possible evidentiary hearing (.50); discuss research issues with B. Audette regarding Lionel standards and recent case law (.30); confer with C. Graff regarding sale issues (.20); confer with J. Burke regarding preparing direct exam of C. Graff if testimony required (.40). | 1.40 |
| 12/17/03 | V. Kropf | Retrieve several cases from Westlaw. Organize and assemble docs (per B Audette). | .35 |

# Piper Rudnick

*Fed ID #52-0616490*

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    6

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/17/03 | P. Martino | Review documents regarding 363 sale, financing order and related matters (1.0); conference with Fenton regarding same and case status (.4); calls to and conferences with berkoff regarding strategy for hearings (.3); review cases cited in motion to appoint trustee or examine (.3); e-mail to/from Fenton and Audette regarding additional research points (.2). | 2.20 |
| 12/17/03 | W. Rawson | Conferences with M. Berkoff; Telephone call from S. Kogan | .90 |
| 12/18/03 | B. Audette | Draft contract for sale of assets. | .50 |
| 12/18/03 | M. Fenton | Confer with counsel for Hydrologic regarding sale of irrigation line (.30); review letter from Anglin Commercial regarding offer to purchase assets (.20); communications from two other interested parties regarding purchase and forward to C. Graff for information (.20). | .70 |
| 12/18/03 | T. Ryan | Interoffice conference with W. Rawson regarding Builders Plumbing intellectual property; researched intellectual property; memorandum to W. Rawson regarding the same. | 1.50 |
| 12/19/03 | M. Fenton | Review memo from Ferguson regarding due diligence requests (.20); confer with counsel for Hydrologic regarding sales procedures (.30); conference call with M. Berkoff and R. Bendix regarding Committee objection to sale (.30); strategize with M. Berkoff and J. Burke regarding testimony needed for sale hearing | 1.80 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page     7

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| | | (.70); confer with C. Graff regarding sale and testimony (.30). | |
| 12/19/03 | W. Rawson | Conferences with M. Berkoff re: sale process | .30 |
| 12/21/03 | W. Rawson | Telephone calls with M. Berkoff, S. Kogan, H. Kogan and C. Graff | 1.40 |
| 12/22/03 | B. Audette | Research: Section 363 issues in preparation for 12/23/03 hearing (3.5); Conferences with Marc Fenton and Mark Berkoff, re: same (.4); Conference with Marc Fenton, Mark Berkoff, Craig Graff, John Burke and George Plumb, re: same (.4); Revise section 363 proposed order, re: bidding procedures and notice of sale (.8) | 5.10 |
| 12/22/03 | M. Fenton | Meet with M. Berkoff, C. Graff, S. Kogan, J. Burke to prepare for sale hearing and objections and prepare witnesses for same (3.20); confer with Trumbull regarding timing for preparation and mailing of notices (.20); review Committee comments to order and bidding procedure (.30); confer with J. Guita regarding same (.30). | 4.00 |
| 12/22/03 | G. Hayes | Drafted resolutions re: asset sale for 4 Builders entities; discussed same. | 2.00 |
| 12/22/03 | A. Molano | Conference regarding and review authorizing resolutions. | .30 |
| 12/23/03 | M. Fenton | Meet with C. Graff and J. Burke to continue preparation of Graff for sale hearing (2.00); negotiate with Bank counsel and Committee counsel regarding terms of sale (1.50); court appearance before | 5.60 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page     8

| Date | Name | Description | Hours |
|---|---|---|---|
| | | Judge Squires regarding sale and other motions (1.00); redraft notice of sale, bidding procedures and order to revise dates and other minor changes (.30); review and revise potential proffer from C. Graff (.20); confer with Committee counsel regarding new dates for sale (.20); confer with R. Bendix regarding new dates for sale (.10); review proposed terms to allow sale to proceed (.10); confer with H. Kaplan regarding same (.20). | |
| 12/23/03 | A. Molano | Review comments to purchase agreement; begin revisions to same. | 2.50 |
| 12/24/03 | M. Fenton | Confer with M. Berkoff regarding recent objections by Committee and how to resolve (.60); court appearance before Judge Squires regarding sale (.50); revision to notice to delete objection deadline (.30); confer with R. Bendix and H. Kaplan regarding same (.30); confer with Trumbull regarding issuing notice of sale (.30). | 2.00 |
| 12/24/03 | A. Molano | Confer regarding and attention to purchase transaction. | 2.50 |
| 12/26/03 | A. Molano | Revise draft agreement. | 2.00 |
| 12/29/03 | B. Audette | Conference with Anita Molano, re: contract for sale of assets. | .20 |
| 12/29/03 | W. Rawson | Conference with A. Molano regarding purchase agreement | .40 |
| 12/29/03 | G. Hayes | Responded to inquiries re: computer leases; union contracts. | .50 |

*Piper Rudnick LLP*

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page      9

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/29/03 | A. Molano | Confer with B. Rawson regarding transaction issues; revise agreement; confer with B. Audette regarding bankruptcy issues. | 2.00 |
| 12/30/03 | B. Audette | Phone call with Marc Fenton and Craig Graff, re: sale issues (.5); Revise contract for sale of assets (.5); Conference with Anita Molano, re: contract for sale of assets (.4). | 1.40 |
| 12/30/03 | M. Fenton | Conference call with B. Audette and C. Graff regarding status on sale, interested purchasers, lotting of sales, and sale of miscellaneous inventory (.50). | .50 |
| 12/30/03 | A. Molano | Confer with B. Rawson and B. Audette; telephone call to consultant; review procedures and revise agreement. | 2.80 |
| 12/31/03 | B. Audette | Phone call with Anita Molano, re: contract for sale of assets. | .10 |
| 12/31/03 | A. Molano | Conference calls with C. Graff regarding asset sale; confer regarding transaction issues. | 2.00 |
| 01/02/04 | B. Audette | Research: Bulk sales laws, re: form asset purchase agreement. | .50 |
| 01/02/04 | A. Molano | Attention to asset sale transactions. | 3.00 |
| 01/04/04 | D. Missner | Telephone conference with Craig Graff re status, facts and strategies re 363 sale | .50 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641                                           Page    10

| Date | Name | Description | Hours |
|---|---|---|---|
| 01/05/04 | M. Fenton | Meet with D. Missner and B. Audette to discuss status of sale and related lease issues (.30); confer with C. Graff regarding sale and Wisconsin issues (.20). | .50 |
| 01/05/04 | D. Missner | Work on sale issues; review bidding procedures; review and organize documentation provided by Graff; telephone conference with Graff re departing sales people in Madison and Milwaukee; conference with Fenton re same; review lease files re locations | 4.30 |
| 01/05/04 | D. Missner | Conference with Anita Molano re contract for 363 sale and revisions thereto | .70 |
| 01/05/04 | D. Missner | Telephone conferences with Hilco representatives re sale of certain assets and terms of same | .70 |
| 01/05/04 | A. Molano | Confer regarding purchase agreement draft; revise draft. | 3.50 |
| 01/06/04 | B. Audette | Review proposed asset purchase agreement (.3); Meeting with Craig Graff, David Missner and Marc Fenton, re: preparation for sale, lease issues, asset purchase agreement, etc. (2.4). | 2.70 |
| 01/06/04 | M. Fenton | Meet with D. Missner, C. Graff and B. Audette to discuss sale issues (2.50). | 2.50 |
| 01/06/04 | D. Missner | Attend conference call (Steve Kogan and Ferguson representatives) re purchase of multiple actions) and discussion of inventory issues | .70 |

*Piper Rudnick LLP*

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  fax 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    11

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 01/06/04 | D. Missner | Review documents re sale to Hydrologic and discussion with counsel to buyer re changes and timing of same | .50 |
| 01/06/04 | D. Missner | Attend to sale issues; review lease schedule; draft sale contract and other sale materials | 1.30 |
| 01/06/04 | D. Missner | Conference with Graff, Fenton and Audette to discuss entire sale process, voting issues, leasehold issues and bidding procedures; conference with Molano re changes to sale contract | 2.10 |
| 01/06/04 | D. Missner | Review and analyze sale possibilities and best procedure to follow | .40 |
| 01/06/04 | A. Molano | Meeting regarding transaction; confer regarding structure; revise agreement. | 3.00 |
| 01/07/04 | D. Missner | Telephone conference with Craig Graff re facts & strategies regarding sales issues | .50 |
| 01/07/04 | A. Molano | Confer regarding agreement; draft ancillary agreements. | 1.50 |
| 01/08/04 | D. Missner | Work on sale of irrigation inventory; telephone conference with Graff; email with buyers attorney and telephone conference with buyers attorney | .70 |
| 01/09/04 | M. Berkoff | Review emails regarding asset sales (.20) and office conferences with D. Missner (.10) and G. Plumb (.20) regarding sales in the ordinary course. | .50 |

*Piper Rudnick LLP*

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    12

| Date | Person | Description | Hours |
|---|---|---|---|
| 01/09/04 | D. Missner | Conference with Anita Molano re draft sale contract and revisions thereto (.70); conference with Steve Kogan and Brian Audette re lease issues for owned third party leases; telephone conference with Harvey Kogan re same (1.00); work on sale to Hydrologic; review and revise contract and conference with Steve Kogan re same (1.00); additional work on sale of assets, including telephone conferences with Craig Graff and attorneys for purchasers, Abe Bruestein and others (.50) | 3.20 |
| 01/09/04 | A. Molano | Confer regarding agreement; revise documents. | 2.80 |
| 01/10/04 | D. Missner | Work on sale matters; review Hydrologic contract; review sales procedures and interested party information | .50 |
| 01/11/04 | M. Fenton | Review prior motion to sell excess inventory (.30); review asset purchase agreement with Hydrologic (.50); draft motion to sell assets to Hydrologic and draft order (1.00); forward with memo to R. Bendix and S. deResendez (.20). | 2.00 |
| 01/11/04 | D. Missner | Review latest draft of sale contract and non-compete agreement | .50 |
| 01/12/04 | M. Fenton | Several conferences with D. Missner regarding revising motion and order regarding Hydrologic sale and having hearing scheduled (.30); two calls with J. Squires chambers to arrange hearing time for Hydrologic sale motion (.20); forward Hydrologic motion, order and asset purchase agreement to parties (.20); review revisions to | 3.70 |

*Piper Rudnick LLP*

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  fax 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    13

|  |  |  |
|---|---|---|
| | same from Hydrologic counsel (.20); revise motion and order per comments (.40); re-forward motion, order and revised asset purchase to al parties for review and comment (.20); call from attorney Segal regarding minor revision to order (.10); call from counsel to Hydrologic regarding increasing purchase price (.20); review draft agreement from Hilco regarding agreement to liquidate/sell remaining assets (.60); confer with E. Kaup regarding same and issues raised in document (.20); call from G. Pollack of Dresner requesting information regarding sale (.20); review request from Pollack to revise confidentiality agreement (.20); review request from A. Brustein regarding revision to confidentiality agreement (.20); review requests for information from Ferguson and Mars Equities regarding bidding on assets (.40). | |
| 01/12/04 D. Missner | Work on Hydrologic sale; correspondence to and from purchaser; work on revised agreement; telephone conference with Graff re same | 1.00 |
| 01/12/04 D. Missner | Work on lease facts re sale of assets; correspondence to and from Ferguson representatives re contract of sale and lease issues | 1.00 |
| 01/12/04 D. Missner | More sales work; review emails re due diligence; telephone conferences with purchasers for information; telephone conference with Pat Goy of Lincoln Partners and with employees re purchaser | 1.20 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    14

| | | |
|---|---|---|
| | liability and union issues re sale | |
| 01/13/04 D. Pinchot | Conference with David Missner; meeting with Brian Audette regarding real estate issues; review of leases and related documentation. | 2.90 |
| 01/13/04 B. Audette | Conference with David Missner, re: lease issues affecting sale process (.5); Conference with Marc Fenton, re: lease valuations (.1); Draft email to Steve and Harvey Kogan, re: lease issues for potential bidders on Debtors' assets (.1); Conference with Dov Pinchot, re: lease agreements needed for sale process (1.1). | 1.80 |
| 01/13/04 M. Fenton | Conferences with Hydrologic regarding inventory count and revising sale order (.30); revise Hydrologic sale order (.40); confer with G. Pollack regarding possible purchase and qualification to bid (.20); confer with C. Graff regarding same (.20); confer with D. Missner regarding Hydrologic sale and new potential purchasers and revising confidentiality agreement (.40); review sale issues raised by Ferguson (.40); memo to counsel for Ferguson explaining sale process (.40); confer with attorney Armiros regarding sale and possible KDA issues effecting same (.20); confer with B. Audette and C. Graff regarding inventory Ft. Wayne and sale (.20); call from E. Kaup regarding revised Hilco agreement (.20); review revised agreement (.40); forward Hilco agreement with explanation | 3.80 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    15

|  |  |  |
|---|---|---|
|  | to R. Bendix (.20); review information regarding costs and moving inventory from Ft. Wayne for sale (.30). |  |
| 01/13/04 D. Missner | Telephone conferences and correspondence re Hydrologic sale; prepare new order re sale; telephone conferences with Graff and attorneys for buyer; attend court re entry of sale order; correspondence to buyers attorneys | 3.00 |
| 01/13/04 A. Molano | Attention to sale documents. | .80 |
| 01/14/04 D. Pinchot | Meeting with David Missner and Brian Audette; conference with Jan Sumrall; review of lease agreement for various sites; prepared response on affiliated lease terms. | 3.80 |
| 01/14/04 B. Audette | Conference with David Missner and Dov Pinchot, re: lease issues (.4); Conference with David Missner, re: same (.3); Phone call with Dov Pinchot, re: same (.1); Phone call with Eric Kaup, re: retrieving property from Fort Wayne (.1); Phone call with atty. for landlord for Western Avenue location, re: potential lease issues relating to potential purchasers (.5); Review lease terms and draft email to David Missner, re: rent and tax issues (.3). | 1.70 |
| 01/14/04 M. Fenton | Review client real estate analysis as part of sale (.20); meet with D. Missner and D. Pinchot regarding lease issues and sale and cure (.30); review issues raised by Ferguson for sale (.30); | 4.10 |

# Piper Rudnick

*Fed ID #52-0616490*

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page    16

|  |  |  |
|---|---|---|
|  | confer with E. Kaup regarding Ft. Wayne issues and moving assets for sale (.30); discuss same with C. Graff (.30); review sale order, confidentiality agreement and other documents to address issues raised for sale by various parties and begin to address sale issues for Ferguson, Mars, etc. (2.70). |  |
| 01/14/04 D. Missner | Work most of day in preparing for sale with special emphasis on real estate matters; prepare schedule of rents and related matters; conference with Audette; telephone conferences with Graff; telephone conferences with Ferguson and Mars representatives re lease information | 7.00 |
| 01/14/04 J. Sumrall | Meet with D. Pinchot regarding scope of work for transaction | .30 |
| 01/15/04 D. Pinchot | Meetings with D. Missner, B. Audette and J. Sumrall; edited affiliate lease form; edited subleases; review of leases. | 4.30 |
| 01/15/04 B. Audette | Conference with David Missner and Dov Pinchot, re: lease issues (.5); Phone call with atty. for landlord at South Bend location, re: tax issues (.1); Conference with Dov Pinchot, re: lease issues (.2); Phone call with landlord for Burbank location (.3); Draft email to David Missner, re: same (.1); Review lease terms and issues, re: rent and taxes (.2); Phone calls with atty. for Ft. Wayne location (.3); Phone call with landlord at Lakeland location (.2); Draft email to David Missner, re: same | 2.50 |

# Piper Rudnick

203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601-1293
www.piperrudnick.com
312.368.4000  *fax* 312.236.7516

*Fed ID #52-0616490*

Builders Plumbing Supply re: Chapter 11
Invoice #  1497641

Page   17

|  |  |  |
|---|---|---|
|  | (.1); Draft email to David Missner, Craig Graff and Marc Fenton, re: disposition of assets at Ft. Wayne location (.1); Phone call with landlord at Crystal Lake location (.3); Draft email to David Missner, re: same (.1). |  |
| 01/15/04 M. Fenton | Confer with attorney Lifshitz for Committee regarding revision to Hilco agreement (.20); discuss same with E. Kaup (.10); confer with B. Berish regarding need for appraisals on real estate (.20); review appraisal summaries for nine parcels subject to Bank One liens (.40); review revised Hilco agreement from Committee (.30); review draft of Committee comments to Asset Purchase Agreement (.30). | 1.50 |
| 01/15/04 D. Missner | Work all day on sale; conference call with Ferguson attorneys and representatives re terms and conditions of sale (1.00); correspondence and telephone conferences with Ferguson representatives throughout the day re changes in lease terms and terms of assignment of leases; conference with Dov Pinchot and Brian Audette re various lessor requirements; review and finalize the term sheet with Pinchot regarding leases and assignments of family owned properties; finalize contract to sell assets with committee's comments | 5.70 |
| 01/15/04 J. Sumrall | Meet with D. Pinchot regarding preparation of documents; Review leases; Prepare lease modification documents | 5.10 |

*Piper Rudnick LLP*